[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court are Cross-Motions for Summary Judgment filed by Defendant USF Insurance Company ("USF") and Plaintiff James Russell Singleton ("Mr. Singleton") pursuant to Rhode Island Rule of Civil Procedure 56.
 Facts and Travel
This is an action for breach of an insurance contract.
Mr. Singleton is the owner of real property located at 1145 Park Avenue, Cranston, Rhode Island CGRO Inc., d/b/a The Roxy Food Spirits("CGRO"), leased the premises from Mr. Singleton. Pursuant to their lease agreement, Mr. Singleton required CGRO to obtain insurance on the premises, CGRO being responsible for payment of the premiums.
On January 27, 2001, USF, through Starkweather Shepley Insurance Brokerage Company ("S S"), issued CGRO a commercial policy insuring the premises, business property thereon, and providing certain coverage for losses of earnings. Mr. Singleton is clearly a named insured on the policy.
On February 14, 2001 CGRO entered into an agreement with Lloyd's Credit to finance the premiums. As part of the agreement, CGRO gave Lloyd's a
power of attorney to cancel cancel the policy. Within the month, CGRO defaulted on its finance agreement with Lloyd's. On March 9, 2001 Lloyd's notified CGRO of its intent to cancel the policy. Lloyd's, on behalf of USF, mailed notice of cancellation to CGRO on March 22, 2001. Mr. Singleton received no notice.
On May 22, 2001 a fire occurred at the premises. The next day Singleton reported a loss to SS. USF declined to indemnify any party for any damage resulting from the loss, maintaining the policy had been effectively cancelled due to non-payment of premiums. Mr. Singleton subsequently brought this suit.
USF and Mr. Singleton filed the within cross-motions for summary judgment.
 Analysis
Mr. Singleton argues he was entitled to notice of the policy's cancellation pursuant to R.I.G.L. § 27-5-1 et seq. Specifically, he invokes the requirement of notice of cancellation to the named insured as set forth in R.I.G.L. § 27-5-3.4.[1]
USF contends it was not required to give Mr. Singleton notice of cancellation, advancing three arguments in support of that proposition. First, USF argues it properly notified CGRO, the "first" named insured, fulfilling its contractual and regulatory notice requirements. Next, USF maintains R.I.G.L. § 27-5-1 et seq. is inapplicable to the contract herein. Finally, USF contends CGRO, rather than USF, canceled the policy, thereby relieving USF of any obligation to provide notice of cancellation.
A. Notice Requirements
Section 27-5-3.4 requires an insurance company to effect cancellation of a policy by serving notice of the cancellation to the "named insured."[2] Mr. Singleton, as a named insured on the USF policy, contends he is entitled to notice of policy cancellation under the statute.
USF avers Mr. Singleton is not entitled to notice, arguing CGRO is the only named insured entitled to notice. USF's interpretation rests on language found in the Policy[3] and Rhode Island Department of Business Regulation, Insurance Regulation # 38.[4] Read together with Section27-5-3.4, USF argues, the Policy and Regulation # 38 require an insurer only to provide notice to the "first named insured."[5]
USF's arguments that the insurance regulation and the language of the policy require notification of only the "first Named Insured" are not compelling. According to USF, both the regulation and the policy purport to modify the duty of the insurer. However, the Rhode Island Supreme Court, referring to the insurance commissioner's rule-making authority, stated in Donahue v. Associated Indemnity Corp., "No state official by administrative action can affect the substantive rights of parties as they have been set forth by an affirmative act of the general assembly."101 R.I. 741 (1967). What's more, the first section of the regulation itself plainly states "[n]othing in this regulation is intended to abrogate or supersede statutory requirement relative to the policies [covered by the regulation.]" R.I.D.B.R. Ins. Reg. 38 § 1.[6] The regulation's reference to the "first" named insured is superseded by the statute.
USF correctly argues that parties may modify this duty by the policy, as alluded to in the statute. However, this duty can only be modified in one direction. The duty may be elevated by agreement of the parties, which is why the statute instructs strict compliance with notice provisions of the policy. However, R.I.G.L. § 27-5-3.4, mandates the minimum form of the cancellation notice. See Olivieri v. Generali Ins.Co. (In re Olivieri), 238 Bankr. 1 (Bankr. D.R.I. 1999). The In reOlivieri, insurer advanced an argument similar to USF's, focusing only on the statute's first sentence reference to the policy's notice provision. That argument was rejected, because, the court noted, the second sentence in § 27-5-3.4 creates a mandatory, affirmative duty on an insurer to deliver the notice of cancellation exactly as set out in the statute.Id.[7]
It is clear that R.I.G.L. § 27-5-3.4 requires notice of cancellation to the named insured. Mr. Singleton is a named insured on the policy, and is therefore entitled to notice pursuant to the statute.
Alternatively, USF argues that the R.I.G.L. § 27-5-1 et seq. is inapplicable to this contract. The policy, USF maintains, is a "multi-peril" policy, not subject to R.I.G.L. § 27-5-1 et seq. That statute, they argue, applies only to fire insurance policies. The Court reads the policy to insure against multiple perils, one of which is fire. USF admits the same. A fire loss occurred. Because this "multi-peril" policy insures against fire damage, it is subject to the requirements set forth in R.I.G.L. § 27-5-1 et seq.
B. Power of Attorney
USF submits a supplemental argument invoking the agency relationship between CGRO and Lloyd's. As part of the premium financing agreement, CGRO gave Lloyd's a power of attorney, authorizing Lloyd's to cancel the Policy on CGRO's behalf. Through this power of attorney, USF maintains, it was actually CGRO that cancelled the policy, which relieved USF of any duty to provide notice of cancellation.
USF's argument fails because the power of attorney did not involve Mr. Singleton. Agency has been defined as "the fiduciary relation [resulting] from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Lawrence v. Anheuser-Busch, Inc., 523 A.2d 864, 867(R.I. 1987) (quoting Restatement (Second) Agency § 1 (1) (1958)). No evidence presented indicates Mr. Singleton's consent to cancel the policy on his behalf. Accordingly, no principal agent relationship existed between Lloyd's and Mr. Singleton. Mr. Singleton, who did not cancel the policy, remains entitled to notice, regardless of the CGRO-Lloyd's relationship.
 Conclusion
Defendant USF's motion for summary judgment is denied. Plaintiff Singleton's cross-motion for summary judgment is granted on the issue of liability. A status conference is schedule for October 22, 2004 at 9:00 a.m. to determine whether an evidentiary hearing is necessary on the issue of damages.
[1] § 27-5-3.4. Cancellation or nonrenewal of standard fire insurancepolicy
 (a) A company issuing any policy of insurance which is subject tocancellation or nonrenewal by the company shall effect cancellation ornonrenewal by serving the notice of it provided by the policy. Thatnotice shall be delivered in hand to the named insured, or be left at hisor her last address as shown by the company's records, or, if its recordscontain no last address, at his or her last business, residence, or otheraddress known to the company, or be forwarded to that address by firstclass mail and maintain proof of mailing of the notice to the insured byUnited States Postal Service certificate of mailing in the ordinarycourse of the insurer's business, and this proof of mailing shall besufficient proof of notice.
 (b) If a policy is made payable to a mortgagee or any person other thanthe named insured, notice shall be given as provided in subsection (a) ofthis section to the payee and to the named insured.
 (c) Policies subject to cancellation by the named insured upon givingnotice to the company may be cancelled by serving notice in the mannerprovided in subsection (a) of this section upon the company or upon itsinsurance producer who issued the policy.
[2] R.I.G.L. § 27-5-3.4(a).
[3] Common Policy Conditions (A)(2).
[4] R.I.D.B.R. Ins. Reg. 38 § 3(B)(1).
[5] The term "first named insured," in both the Policy and Regulation # 38, is ambiguous. USF does not provide adequate definition of the term as applied here. "First named insured" is defined neither in the Policy or the Regulation. The Policy does not purport to distinguish amongst named insureds in any manner. USF urges the Court to adopt a plain meaning interpretation of "first named insured," considering only the physical location of CGRO's name on the policy, and CGRO's responsibility for payment of premiums. Other factors, however, would be relevant to such a designation. Highly probative of such determination, Singleton contends, is who the Policy is designed to protect. The instant Policy was undertaken to protect Singleton's property, and merely paid for by CGRO. Accordingly, Singleton maintains he would be the "first named insured" if such appellation is indeed effective.
[6] See In Re Advisory Opinion to the Governor, 732 A.2d 55, 69 (R.I.,1999) "In order to achieve validity, a legislative rule must be withinthe power granted by the General Assembly.".
[7] See also Laroque v. Rhode Island Joint Reinsurance Associates,536 A.2d 529, 531 (R.I., 1988) which states:
 When construing the terms of an insurance policy, any ambiguity that is created when applying the usual and ordinary meaning to the relevant terms must be construed against the insurer.
 Public policy dictates that the insured receive actual notice of cancellation. The purpose of a notice of cancellation of an insurance policy is to furnish the insured sufficient time to seek out and obtain coverage elsewhere before the termination of the existing policy. Citations deleted.